UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------.
                                                   :

MARA HOFFMAN, INC.,                    :
a New York corporation                    :
                                                   :      Civil Action No.
           Plaintiff,                  :
   v.                               :
                                                 :
BOOHOO.COM PLC.,                      :
                                                 :      <u>JURY TRIAL DEMANDED</u>
           Defendant.                :
------------------------------------------------------

## COMPLAINT AND JURY DEMAND

Plaintiff Mara Hoffman, Inc. (hereinafter referred to as "Mara Hoffman") for its Complaint against defendant Boohoo.com PLC. (hereinafter referred to as "Defendant" and/or "Boohoo.com") through its attorneys undersigned, alleges as follows:

### PARTIES

1. Mara Hoffman is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 126 Fifth Avenue, New York, New York 10011.

2. Upon information and belief, Boohoo.com is a private limited company organized and existing under the laws of the United Kingdom, having a principal place of business at 39-51 Dale Street, Manchester M12HF, United Kingdom.

3. Upon information and belief defendant Boohoo.com operates a United States headquarters location and employs personnel within this judicial district at 530 7th Ave #1909, New York, New York 10018.

4. Upon information and belief Defendant regularly and systematically sells products and infringing products via an internet retail web site www.boohoo.com specifically directed to customers located within this Judicial District.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

5. This is an action for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. section 101, *et seq*.

6. Jurisdiction of this Court is founded upon 28 U.S.C. sections 1331 and 1338(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. sections 1391(b)(2), 1391(b)(3), and 1400(a) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because defendant Boohoo.com resides, can be found, or is subject to personal jurisdiction in this judicial district.

## CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

8. Mara Hoffman repeats and realleges the allegations set forth in paragraph 1 through 7 above, as though fully set forth herein.

9. This cause of action arises under Section 501 of the Copyright Act of 1976, 17 U.S.C. section 501.

10. Mara Hoffman is owner of copyrights in and to original fabric designs entitled "Flora". True and correct images depicting examples of Mara Hoffman's "Flora" designs are annexed to the Complaint at Appendix "B".

11. Mara Hoffman is owner of United States Copyright Registration No. VA 2-018-963 covering its "Flora" print designs. A true and correct copy of Certificate of Copyright Registration No. VA 2-018-963 is annexed to the Complaint at Appendix "B" and incorporated herein by reference.

12. Defendant has infringed Mara Hoffman's copyrights by manufacturing, importing, displaying, distributing, selling, offering for sale, promoting and advertising women's swimwear and women's clothing which exploit, use or otherwise incorporate a design unlawfully taken and copied from Mara Hoffman's copyrighted "Flora" designs.

13. True and correct copies of a screen shots and images from Defendant's e-commerce web site depicting infringing articles manufactured and sold by Defendant are annexed to the Complaint as Appendix "A" and incorporated herein by reference.

14. Defendant's copying and use of Mara Hoffman's copyrighted designs is without authorization or consent from Mara Hoffman.

15. On information and belief, Defendant had access to Mara Hoffman's copyrighted designs as same were on public display on the internet and in journalistic media prior to Defendant's infringements thereof; all such displays occurring prior to Defendant's infringements thereof

16. Defendant's "Beth Neon Citrus" and "Toledo Neon Citrus" garment designs are substantially similar to Plaintiff's copyrighted "Flora" designs.

17. Plaintiff's "Flora" designs and Defendant's accused "Beth Neon Citrus" and "Toledo Neon Citrus" designs are of such likeness with regard to subject matter, style of representation, shading, composition, relative size and placement of components, and mood to be obviously substantially similar designs.

18. Defendant's failure to cease sale of its infringing products after receiving notice of Plaintiff's copyrights and copyright registration is evidence that the Defendant's copying is willful and with knowledge of, or reckless disregard for, Plaintiff's copyrights.

19. Defendant will, upon information and belief, continue to infringe Mara Hoffman's copyrights unless and until it is enjoined by this Court. Mara Hoffman has been and is likely to continue to be injured unless Defendant is enjoined. Mara Hoffman has no adequate remedy at law.

## JURY DEMAND

20. Mara Hoffman demands a jury trial.

**WHEREFORE,** plaintiff Mara Hoffman demands judgment:

a. Preliminarily and permanently enjoining Defendant, its officers, directors, managing agents, servants, employees and all others acting in concert or participation with them from importing, distributing, advertising, promoting, selling, or offering for sale products which are copied from or substantially similar or identical to Mara Hoffman's copyrighted works which are the subject of United States Copyright Registration No. VA 2-018-963;

b. Requiring Defendant to recall all products which exploit or use designs substantially similar to Mara Hoffman's "Flora" designs and thereafter destroy or turn over to Plaintiff all such recalled products;

c. Requiring Defendant to pay Mara Hoffman's actual damages and any additional profits of Defendant, pursuant to 17 U.S.C. section 504(b);

d. Requiring Defendant to pay to Mara Hoffman statutory damages and an increase of such award resulting as a consequence of Defendant's willful acts of infringement, pursuant to 17 U.S.C. section 504(c);

e. Requiring Defendant to deliver to Plaintiff for impoundment and destruction all infringing articles as well as all plates, screens, matrices, masters, computer files,

tapes, film negatives, or other articles by means of which such copies may be reproduced, for destruction pursuant to 17 U.S.C. sections 503 and 509;

f. Requiring Defendant to pay Mara Hoffman's reasonable attorneys' fees and costs of this action because of the exceptional nature of this case, pursuant to 17 U.S.C. section 505; and

g. Granting such other and further relief as this Court deems just and proper.

Dated: July 12, 2018
New York, New York

Respectfully submitted,

s/Joseph T. Murray
Joseph T. Murray (JM 3564)

HART, BAXLEY, DANIELS & HOLTON
90 John Street – Suite 403
New York, New York 10038-3242
Tel. 212.791.7200
Fax. 212.791.7276
e-mail: jtm@hartbaxley.com

*Attorney for Plaintiff*
*Mara Hoffman, Inc.*